COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-431-CR
 
COURTLAND O. DAVIS                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                               
STATE
------------
FROM THE 371
st DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Courtland O. Davis appeals from his
conviction for aggravated robbery. In two points, appellant complains that the
evidence is legally and factually insufficient to show that he committed the
charged offense. He also claims that the trial court erred by allowing the State
to amend the indictment on the day of trial. We will affirm.
In his first point, appellant contends
that the evidence is legally and factually insufficient to sustain his
conviction. Although he was not charged as a party, appellant argues that the
evidence merely shows that he participated as a party to the offense.
In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).
This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson, 443
U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency review, we
may not sit as a thirteenth juror, re-evaluating the weight and credibility of
the evidence and, thus, substituting our judgment for that of the fact finder. Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1131 (2000).
In reviewing the factual sufficiency of
the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129, 134 (Tex.
Crim. App. 1996). Evidence is factually insufficient if it is so weak as to be
clearly wrong and manifestly unjust or the adverse finding is against the great
weight and preponderance of the available evidence. Johnson, 23 S.W.3d
at 11. Therefore, we must determine whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the verdict, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. In performing this review, we are to give due deference to
the fact finder's determinations. Id. at 8-9; Clewis, 922
S.W.2d at 136. We may not substitute our judgment for that of the fact finder's.
Johnson, 23 S.W.3d at 12. Consequently, we may find the evidence
factually insufficient only where necessary to prevent manifest injustice. Johnson,
23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).
To make a determination of factual
insufficiency, a complete and detailed examination of all the relevant evidence
is required. Johnson, 23 S.W.3d at 12. A proper factual sufficiency
review must include a discussion of the most important and relevant evidence
that supports the appellant's complaint on appeal. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).
When a defendant contests the identity
element of the offense, we are mindful that identity may be proven by direct
evidence, circumstantial evidence, or even inferences. Roberson v. State,
16 S.W.3d 156, 167 (Tex. App.--Austin 2000, pet. ref'd). If there is no direct
evidence of the perpetrator's identity elicited from trial witnesses, no
formalized procedure is required for the State to prove the identity of the
accused. Clark v. State, 47 S.W.3d 211, 214 (Tex. App.--Beaumont 2001,
no pet.). The sufficiency of the evidence is determined from the cumulative
effect of all the evidence; each fact in isolation need not establish the guilt
of the accused. See Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim.
App. 1987).
After reviewing all of the evidence in
this case, we hold that the evidence is both legally and factually sufficient to
establish that appellant was Mrs. Payne's assailant. Mr. Payne, the victim's
husband, witnessed the robbery and was able to provide police with a description
of what the assailant was wearing. He was not, however, able to see the
assailant's face. Mr. Payne described the robber as wearing dark blue jogging
pants with white stripes and a black shirt. He also told police that the
assailant had an accomplice with him at the time of the robbery. Mr. Payne
distinguished the assailant from his accomplice by stating that the accomplice
was wearing a yellow shirt and had lighter skin. Javier Contreras, an assistant
manager of Carnival Food Store, also witnessed the robbery. He told police that
the assailant was wearing a hat, a dark blue or black shirt, and black pants. At
the time of his arrest, appellant was wearing clothing similar to those
described by the eyewitnesses.
There is nothing in the record to suggest
that either eyewitness confused appellant's clothing with those worn by his
accomplice. Further, there is absolutely no evidence in the record that
disproves his involvement in the robbery.(2)
Therefore, we conclude that the evidence is both legally and factually
sufficient to establish that appellant perpetrated this crime. We overrule point
one.
In point two, appellant contends that the
evidence is insufficient to demonstrate that he caused bodily injury to Mrs.
Payne because he did not strike her. A person commits the offense of aggravated
robbery if he intentionally or knowingly causes bodily injury to another in the
course of committing theft, if the other person is sixty-five years of age or
older. Tex. Penal Code Ann. § 29.03(a) (Vernon 2003). The penal code defines
bodily injury as "physical pain, illness, or any impairment of physical
condition." Id. § 1.07(a)(8). This definition is
"purposefully broad and seems to encompass even relatively minor physical
contacts so long as they constitute more than mere offensive touching." Lane
v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). The Texas Court of
Criminal Appeals has held that the evidence is sufficient to demonstrate bodily
injury so long as the "violence" is clearly perpetrated against
another "for the purpose of . . . preventing or overcoming resistance to
theft." Id. at 787.
Here, the evidence shows that Mrs. Payne's
injury was sustained due to her resistance against appellant's attempt to take
her purse and that appellant's actions caused Mrs. Payne's fall and injury.
Thus, the evidence is sufficient to satisfy the bodily injury requirement under
the aggravated robbery statute. See id. Accordingly, we hold
that the evidence is both legally and factually sufficient to show that
appellant caused bodily injury to Mrs. Payne as is required by section 29.03(a)
of the penal code. See Tex. Penal Code Ann. § 29.03(a). Appellant's
second point is overruled.
In point three, appellant complains that
the trial court abused its discretion in permitting the indictment to be amended
on the day of trial. The indictment, however, was amended the day before trial
began. Further, appellant agreed to the amendment and failed to object at trial.
Therefore, he has waived this complaint for our review. See Tex. R.
App. P. 33.1(a).
Having overruled each of appellant's
points on appeal, we affirm the trial court's judgment.

                                                       
   JOHN CAYCE
                                                       
   CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 10, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant contends that Ward v. State requires
us to reverse this case due to factual insufficiency of the evidence. 48 S.W.3d
383, 390-91 (Tex. App.--Waco 2001, pet. ref'd). However, in Ward, the
eyewitness testimony was outweighed by evidence that tended to disprove the
defendant's involvement in the robbery. Id. Here, there is no such
evidence.